IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YELLOW SOCIAL INTERACTIVE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER EBERSOLE,<br><br>Defendant. | Civil Action No. 23-352-CFC |

## **MEMORANDUM ORDER**

Plaintiff Yellow Social Interactive Limited (YSI) operates a website called pulsz.com that offers users the ability to play games online. Defendant Christopher Ebersole, a resident of Ohio, accessed pulsz.com and played games. The parties agree that their disputes are governed by YSI's Terms of Use, version 3.2, effective October 13, 2022. Those Terms of Use include an agreement to arbitrate all disputes and a waiver of any right to commence or participate in any class or other representative action or proceeding.

In December 2022, Ebersole filed a Demand for Arbitration with the American Arbitration Association (AAA) against YSI. Ebersole asserted in his Demand claims under sections 3763.02 and 3763.04 of Ohio's anti-gambling

statute and sought recovery of losses he and other Ohioans suffered from playing games on pulsz.com.

Section 3763.02 provides:

> If a person, by playing a game, or by a wager, loses to another, money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person losing and paying or delivering, within six months after such loss and payment or delivery, may sue for and recover such money or thing of value or part thereof, from the winner thereof, with costs of suit.

O.R.C. § 3763.02.  Section 3763.04 provides:

> If a person losing money or thing of value, as provided in section 3763.02 of the Revised Code, within the time therein specified, and without collusion or deceit, does not sue, and effectively prosecute, for such money or thing of value, any person may sue for and recover it, with costs of suit, against such winner, for the use of such person prosecuting such suit.

O.R.C. § 3763.04

On March 28, 2023, YSI sued Ebersole in this Court.  YSI alleges in its Complaint that Ebersole's Demand for Arbitration violated the Terms of Use's waiver of any right to participate in a class or other representative proceeding.  YSI asks the Court in its Complaint for (i) a declaratory judgment that Ebersole cannot proceed in a representative action against YSI in arbitration and may only proceed in arbitration on his own individual claims; and (ii) an order requiring that Ebersole specifically perform his alleged contractual obligations and bring only an

individual claim in arbitration. (D.I. 1 ¶ 5) In response, on April 11, 2023, Ebersole filed a Motion to Compel Arbitration. (D.I. 10) On April 12, 2023, YSI filed a "Motion to Compel *Individual* Arbitration." (D.I. 11) (emphasis added)[1]

With the consent of the parties, I consolidated this case with a similar one filed by YSI (Civil Action No. 23-351). YSI later voluntarily dismissed that case, leaving this case pending. This is my ruling on the pending motions.

As noted above, the parties agree that the Terms of Use govern their disputes. Section 16.1 of the Terms of Use provides for mandatory arbitration of all disputes. It states in relevant part:

> You and Pulsz agree that any past, pending, or future dispute, claim or controversy arising out of or relating to your access to or use of any Pulsz Site (including Services) or to these Terms of Use (including without limitation any dispute concerning the breach, enforcement, construction, validity, interpretation, enforceability, or arbitrability of these Terms of Use) (a "Dispute"), shall be determined by arbitration, including claims that arose before acceptance of any version of

---

[1] Section 6 of the Federal Arbitration Act provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided. 9 U.S.C. § 6. Neither party identified in its motion or briefing the "manner provided by law" for its respective motion. Notably, neither party cited anywhere in its motion or briefing a Federal Rule of Civil Procedure. Even though YSI filed this action, the proposed order it filed with its motion states that "[t]he action is dismissed." D.I. 12-2 at 2. Thus, YSI's motion is effectively a premature motion for judgment on the pleadings pursuant to Rule 12(c) or for summary judgment pursuant to Rule 56. Ebersole did not submit a proposed order with his motion, but he effectively seeks a stay of the case pending the completion of the arbitration he initiated with the AAA. *See* D.I. 11 at 6.


> these Terms containing an arbitration provision, except that you and Pulsz are NOT required to arbitrate any Dispute in which either party seeks equitable and other relief for the alleged unlawful use of copyrights, trademarks, trade names, logos, trade secrets, or patents. In addition, in the event of any dispute concerning the scope or applicability of the Arbitration Provisions of these Terms, You and Pulsz agree that the arbitrator exclusively shall have the power to rule on his or her own jurisdiction over the Dispute, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of the claims or counterclaims presented as part of the Dispute.

(D.I. 1-1 at 15)

Section 16.1 also provides that arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, Rule R-7(a) of which effectively repeats the language set forth in the excerpt from section 16.1 just quoted: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (D.I. 10)

Section 16.1 also has a waiver of class relief:

> Whether the dispute is heard in arbitration or in court, you agree that you and Pulsz will not commence against the other a class action, class arbitration, mass action or other representative action or proceeding, and shall not otherwise participate in such actions.

(D.I. 1-1 at 15)

4

The parties disagree about whether the claims Ebersole asserted in his Demand for Arbitration are permitted by the Terms of Use. YSI contends that because Ebersole seeks to recover amounts allegedly lost by other people, Ebersole's Demand violates the prohibition in the Terms of Use of the commencement of any class or other representative action or proceeding. Ebersole contends that because the Ohio statute permits "any person" to recover third-party gambling losses, he is not pursing a class or representative action barred by the Terms of Use.

The motions present a different dispute that must be resolved at the threshold: *who decides* whether Ebersole's claims are permitted by the Terms of Use? Ebersole argues in his motion that YSI's objections to his claims (as set forth in YSI's Complaint) must be resolved by the arbitrator, not this Court. Ebersole points out that the Terms of Use explicitly provide for mandatory arbitration of "any dispute concerning the breach, enforcement, construction, validity, interpretation, enforceability, or arbitrability of these Terms of Use," and also provide that "the arbitrator exclusively shall have the power to rule on his or her own jurisdiction over the Dispute, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of claims and counterclaims presented as part of the Dispute." (D.I. 1-1 at 15) In response, and in support of its Motion to Compel Individual Arbitration, YSI

argues that this Court, not the arbitrator, must resolve the question of whether the Terms of Use permit Ebersole to arbitrate the claims he has asserted.

Parties may agree to have an arbitrator decide "gateway" questions of arbitrability. *Rent-A-Center W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). "[T]he question of who decides arbitrability is itself a question of contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529-30 (2019). Accordingly, when parties dispute arbitrability, the first question the court must ask is whether the parties' contract specifies who must resolve the dispute. Parties delegate gateway disputes about arbitrability to the arbitrator if their agreement does so by "clear and unmistakable evidence." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 63 (1995).

Here, the parties clearly and unmistakably delegated arbitrability decisions to the arbitrator. Section 16.1 provides that "in the event of any dispute concerning the scope or applicability of the Arbitration Provisions of these Terms, You and Pulsz agree that the arbitrator exclusively shall have the power to rule on his or her own jurisdiction over the Dispute, *including any objections with respect* to the existence, scope or validity of the arbitration agreement or *to the arbitrability of the claims or counterclaims presented as part of the Dispute*." (D.I. 1-1 at 15) (emphasis added) In addition to being clear on its face, this language is effectively identical to the language of the AAA's Commercial Arbitration Rule 7(a), which,

6

when incorporated by reference in an arbitration agreement, provides clear and unmistakable evidence of the parties' agreement to arbitrate arbitrability. *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100 (3d Cir. 2020).

YSI argues that this general delegation of arbitrability issues to the arbitrator does not cover the specific dispute the parties have here. (D.I. 20 at 3) YSI insists that under *Chesapeake Appalachia, LLC v. Scout Petroleum,* LLC, 809 F.3d 746, 761 (3d Cir. 2016), the availability of class arbitration must be decided by a court unless there is "'clear and unmistakable evidence' of an agreement to arbitrate *this specific question*." *Id.* (emphasis added). And it says in this case "there is no such 'clear and unmistakable evidence' that the parties agreed to arbitrate the availability of class arbitration." (D.I. 20 at 3) But there is no dispute here about the availability of class arbitration. Ebersole concedes that class arbitration is unavailable. (D.I. 21 at 7) The parties' dispute is about whether Ebersole's claims under section 3763.04 of the Ohio gambling statutes are class claims that fall within the scope of the contractual bar. Their dispute therefore falls within the bounds of the parties' delegation to the arbitrator of all disputes concerning the interpretation and enforcement of the Terms of Use.

YSI also argues that the second sentence of section 19.2 of the Terms of Use "explicitly grants the Court the ability to determine [its] motion [to compel individual arbitration]." D.I. 13 at 12. Section 19.2 consists of two sentences:

7

> Subject to the arbitration pr[o]visions contained in Section 16[,] the parties agree that any dispute, controversy, or claim arising out of or in connection with these Terms, or the breach, termination or invalidity of these Terms, will be submitted exclusively to the courts in Delaware, and You and we consent to the venue and personal jurisdiction of those courts. Notwithstanding the foregoing, any motion to compel arbitration or to enforce an arbitral award issued hereunder may be brought before any court of competent jurisdiction.

(D.I. 1-1 at 17) According to YSI, the phrase "[n]otwithstanding the foregoing" constitutes a "qualification" of section 16.1 that trumps or at least renders ambiguous section 16.1's delegation of arbitrability determinations to the arbitrator. (D.I. 12 at 13-14; D.I. 22 at 7-8)

YSI, however, misreads section 19.2. The phrase "[n]otwithstanding the foregoing" makes clear that the second sentence of section 19.2 qualifies the section's first sentence (not section 16.1). The first sentence requires the parties to bring any dispute not covered by section 16.1 that "aris[es] out of or in connection with" the Terms of Use in a Delaware court. The second sentence modifies that requirement by giving the parties the option to bring in *any* court of competent jurisdiction (as opposed to in just a Delaware court) two—and only two—types of motions: a motion to compel arbitration and a motion to enforce an arbitral award. The sentence does not confer on the parties the right to bring the type of motion YSI has filed here—what YSI itself describes as a motion "to compel individual arbitration . . . in the manner provided in the parties' agreement." D.I. 12. YSI's

8

expansion of the term "motion to compel arbitration" beyond a motion to compel arbitration *per se* is inconsistent with the express language of section 19.2 and would render meaningless the parties' explicit delegation of arbitrability to the arbitrator (reinforced by their incorporation of the AAA Commercial Arbitration Rules).

None of the cases YSI cites in its briefing supports its position. YSI relies heavily on *Magee v. Francesca's Holding Corp.*, 2020 WL 3169518 (D.N.J. June 14, 2020), but in that case the parties' agreement provided that "[n]otwithstanding anything to the contrary in the . . . general grant of authority to the arbitrator in paragraph 1 of the power to determine issues of arbitrability, the arbitrator shall have no jurisdiction or authority to compel any class or collective action." 2020 WL 3169518, *11. The court in *Magee* held that that explicit carve-out from the arbitrator's jurisdiction prevented a finding of clear and unmistakable evidence that the parties intended for the arbitrator to decide whether a class arbitration could proceed. Here, in stark contrast, there is no exception to the parties' agreement that "the arbitrator exclusively shall have the power to rule on his or her own jurisdiction over the [parties' underlying] [d]ispute, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of the claims or counterclaims presented as part of the [d]ispute." (D.I. 1-1 at 15)

9

YSI also cites cases in which courts granted injunctions against attempts by consumers to challenge the proposed merger of AT&T and T-Mobile in arbitration. But the arbitration agreement at issue in those cases provided that "issues relating to the scope and enforceability of the arbitration provision are for the court to decide." *AT&T Mobility LLC v. Smith*, 2011 WL 5924460 (E.D. Pa. Oct. 7, 2011); *AT&T Mobility LLC v. Bushman*, 2011 WL 5924666, *1 (S.D. Fla. Sept. 23, 2011). *See also AT&T Mobility LLC v. Princi*, 2011 WL 6012945 (D. Mass. Dec. 2, 2011). Here, the Terms of Use provide exactly the opposite.

Finally, YSI argues (without citation) that Ebersole's "assertion of [waived and barred] claims in arbitration is in itself a violation of the Terms of Use, which this Court has authority to address and correct." (D.I. 22 at 3-4) But the Terms of Use provide that any dispute regarding "breach" or "enforcement" of the Terms of Use, like all other disputes between the parties, shall be determined in arbitration. (D.I. 1-1 at 15).

NOW THEREFORE, at Wilmington on this Eleventh day of October in 2023, it is HEREBY ORDERED that:

1. Ebersole's Motion to Compel Arbitration (D.I. 11) is **GRANTED**;
2. YSI's Motion to Compel Individual Arbitration (D.I. 12) is **DENIED**;

3. Ebersole's Motion for Leave to File a Sur-Reply (D.I. 25) is **DENIED** as moot; and

4. The case is **STAYED** pending resolution of Ebersole's arbitration before the American Arbitration Association.

_____
CHIEF JUDGE COLM F. CONNOLLY